**BURNET, Commissioner of Internal Revenue, v. JONES.**

**No. 8952.**

Circuit Court of Appeals, Eighth Circuit.

May 13, 1931.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, on the brief), for petitioner.

Scott R. Timmons, of Carrollton, Mo. (S. J. Jones, of Carrollton, Mo., on the brief), for respondent.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

WOODROUGH, District Judge.

This appeal is from an order of the United States Board of Tax Appeals redetermining the income taxes of S. J. Jones for the year 1922. The taxpayer is a lawyer engaged in the general practice at Carrollton, Mo. In 1917 he entered into a written contract with the Norborne Land Drainage Company of Carroll county, Mo., by the terms of which he was employed to render certain legal services connected with the organization of the drainage district and the sale of its bonds. The contract fixed his compensation on the basis of the amount of bonds that should be issued and sold. In March, 1920, a supplemental contract of employment was entered into between the parties for the stated purpose of making more definite and specific the understanding as to compensation. The contract did not change the character of the services to be rendered, and the services specified by these contracts were rendered and compensation therefor paid in accordance therewith. On the 29th of April, 1922, a new contract in writing was entered

into, which provided that the respondent, with other named attorneys, should represent the district in all its litigation then pending and in which it was then interested and "to file all suits that may become necessary for and on behalf of said district and advise the board of supervisors of said district and the other officers of said district from time to time, and at all times said employment to continue up to the time that the works provided for in the plan for reclamation are completed and the contractors finally settled with, and until all litigation commenced by or against said party of the first part or its supervisors, during said period of time, is finally settled or determined." The contract provides for the compensation agreed upon. During the year 1922 the respondent received as compensation for services rendered to the drainage district $4,834.46.

The drainage district is a municipal corporation and a political subdivision of the state of Missouri, organized under article 1, chapter 28, of the 1919 Revised Statutes of Missouri (sections 4378–4438). The services rendered consisted of advising the board of supervisors when requested, preparing and helping to prepare all legal proceedings on behalf of the defendant, defending all suits brought against it, and performing all other legal duties requested by the board. Throughout the time of his employment the respondent maintained his law office in Carrollton, Mo., and continuously engaged in the general practice of law. The Board of Tax Appeals held that the compensation received by the respondent for the year 1922 was exempt on the ground that he was an employee of the drainage district within the meaning of section 1211 of the Revenue Act of 1926 (26 USCA § 1065b), and the correctness of this holding is the question presented to this court.

Section 1211 of the Revenue Act of 1926 was made retroactive, and hence applicable to prior Revenue Acts. It provides that "any taxes imposed by the Revenue Act of 1924 or prior Revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any state or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

In sustaining the contention of the respondent, the Board of Tax Appeals held that he was an employee of the drainage district within the meaning of this section. While his employment was authorized by statute, the statute itself does not fix the status of the attorney as an employee. It does not fix his duties, his salary, nor his tenure of office. He gave no bond and took no oath of office. He had no fixed office hours, but rendered legal services pursuant to specific contract.

The question involved in this case was fully considered by this court in Burnet v. McDonough, 46 F.(2d) 944. McDonough was a lawyer who rendered legal services to the Ft. Smith-Van Buren bridge district, a political subdivision of the state of Arkansas, under contracts, and thereby earned income sought to be exempted from tax under the same section of the statute and for the same reasons relied upon by respondent. This court held that McDonough was not an "employee" within the meaning of the statute. We see no reason to depart in this case from the doctrine there stated. The lawyer who is retained in the affairs of his client is not properly designated an employee. He is an officer of the court. As counselor and advisor to his clients and as an advocate before the court, whatever action he takes is upon independent judgment illuminated by his learning, his skill, his experience, and his ethics. The relationship of attorney and client is entered into and maintained with regard to these considerations, and is not that of employer and employee.

The Board of Tax Appeals was therefore in error and the order of the Board should be set aside, and the case remanded for further proceedings consistent with the opinion of this court.