W. J. HOWARD, Petitioner, v. COMMISSION-
ER OF INTERNAL REVENUE,
Respondent.

Circuit Court of Appeals, Fifth Circuit.
December 20, 1928.

No. 5322.

W. J. Howard, of Houston, Tex., for pe-
titioner.

Mabel Walker Willebrandt, Asst. Atty.
Gen., C. M. Charest, Gen. Counsel, Bureau of
Internal Revenue, and V. J. Heffernan, Sp.
Atty., Bureau of Internal Revenue, both of
Washington, D. C., Sewall Key, Sp. Asst.
Atty. Gen., and Morton P. Fisher, Sp. Asst.
Atty. Gen., and Shelby S. Faulkner, Sp.
Atty., Bureau of Internal Revenue, of Wash-
ington, D. C., for respondent.

Before WALKER, BRYAN, and FOS-
TER, Circuit Judges.

WALKER, Circuit Judge. The decision
presented for review was to the effect that, in
computing the petitioner's federal income
tax for the year 1921, the amount of fees re-
ceived by him for services as an attorney un-
der contracts with the cities of Houston,
Navasota, and Victoria, Tex., should be in-
cluded in his gross income. Those fees were
paid for services rendered by the petitioner
to the municipalities mentioned, in four suits,
one by the city of Houston to compel the
separation of a railway grade crossing, and
the others by public service corporations to
enjoin the cities named from fixing rates to be
charged by those corporations. It was not
disputed that the cities named are within the
terms of a Texas statute conferring on cities
and towns power to regulate rates to be
charged by public service corporations with-
in such municipalities (2 Vernon's Annotated
Statutes of Texas, art. 1119), or that govern-
mental functions were exercised by the mu-
nicipalities in compelling a separation of rail-
way grade crossings and in regulating rates
mentioned.

The petitioner's connection with the ex-
ercise by the municipalities of governmental
functions was in no sense remote. His
agency in each of the cases was one created
and controlled by the municipality exclusive-
ly to enable the latter to perform a govern-
mental function; that agency being the di-
rect means used to enforce a governmental
power. The conclusion that the amount of
compensation paid to the petitioner for ren-

dering such services is not subject to the fed-
eral income tax is in accordance with the de-
cision now rendered in the case of Blair, Com-
missioner, v. Mathews, 29 F.(2d) 892, U. S.
Circuit Court of Appeals, Fifth Circuit.
Following that decision, the petition is grant-
ed, and the order under review is reversed.