## ELAM v. COMMISSIONER OF INTERNAL REVENUE.
### No. 4379.

Circuit Court of Appeals, Seventh Circuit.

Dec. 8, 1930.

Harvey J. Elam and Howard S. Young, both of Indianapolis, Ind., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and William Cutler Thompson and Sewall Key, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Complaint is here made of the ruling of the Board of Tax Appeals (16 B. T. A. 1428) sustaining respondent in his determination of petitioner's 1922 and 1923 income taxes. Controversy arises solely out of petitioner's asserted exemptions or deductions which respondent disallowed. The sums sought to be deducted were received as compensation for services rendered either as a state court receiver or as attorney for other state court receivers.

The facts: Petitioner is one of three members of a law firm engaged in practicing law in Indianapolis, Ind. During the two years in question his firm was appointed by a state court to represent various receivers named by the same court to conduct or to liquidate certain businesses which were financially embarrassed. One of the firm was also appointed a receiver of a company, and for two years devoted nearly all of his time to conducting its business, for which the court allowed him compensation as follows: $10,000 for 1921, $20,000 in 1922, and $2823.59 in 1923. All sums paid as compensation for services, either as receiver, or as attorneys, came from the corpus of the estates being administered by the court in the receivership proceedings. The partnership, upon receiving the compensation, distributed it among the partners in percentages fixed by the articles of copartnership.

Two pertinent statutes are:

Revenue Act of 1921, c. 136, 42 Stat. 227, 237:

"Sec. 213. That for the purposes of this title * * * the term 'gross income'—

"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid * * * and income derived from any source whatever."

Revenue Act of 1926, c. 27, 44 Stat. 9 (26 USCA § 1065b):

"§ 1211. Any taxes imposed by the Revenue Act of 1924 or prior Revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any state or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

Treasury Department Regulations 62 reads:

"Art. 88. *Compensation of State Officers and Employees.*—Compensation paid its officers and employees by a State or political subdivision thereof, including fees received by notaries public commissioned by States and the commissions of receivers appointed by State courts, is not taxable. Compensation received for services rendered to a State or a political subdivision thereof is included in gross income unless the person receives such compensation as an officer or employee of a State or political subdivision. An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement. An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary. * * * "

Revised Treasury Regulations 33, article 30 of the act of 1916 as amended by the act of 1917, reads:

"In reporting their share of partnership net income, the partners will exclude such part thereof as may have been received by the partnership from sources exempt from tax under the provisions of Section 4, Act of September 8, 1916, as amended, and which shall have been included by the partnership in its statement of net income distributed to the partners."

Difference in the status and in the employment of receivers and receivers' attorneys *necessitates separate consideration of* the sums claimed by petitioner to be exempt from taxation.

■ Attorneys' fees. That attorneys representing state court receivers are not officers of a "State or political subdivision thereof" is definitely settled by the decision of Metcalf & Eddy v. Mitchell, 269 U. S. 514, 520, 46 S. Ct. 172, 70 L. Ed. 384.

Whether they are employees of a "State or political subdivision thereof" is a much closer question. We feel compelled to answer it in the negative on the authority of Metcalf & Eddy v. Mitchell, supra; Lucas, Commissioner, v. Reed, 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1125; Lucas, Commissioner, v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593; Blair v. Byers (C. C. A.) 35 F.(2d) 326; Louisville R. Co. v. Wilson, 138 U. S. 501, 11 S. Ct. 405, 34 L. Ed. 1023.

In reaching this conclusion, we have ignored the definition of an employee as appearing in Regulations 62 above quoted because not satisfied that the Department could, by regulation, limit or restrict the meaning of the word "employee" as used in section 1211.

Receivers' fees. The difference in status between a receiver appointed by a state court and attorneys for such receiver is recognized by Treasury Department Regulations 62, art. 88, above quoted. The Department placed receivers appointed by state courts in the same class with "notaries public commissioned by States," and announced that their compensation was not subject to federal income tax. In fact, in this court counsel for respondent admitted that the compensation paid petitioner's partner for services rendered as a receiver in the state court was not, in such receiver's hands, subject to federal income tax.

Respondent contended, however, that such compensation, and no part of it, was exempt after it had been paid by such receiver into a partnership fund and distributed by the partnership to other members of the firm. In short, while admitting that the compensation received by Fesler (a partner) as a state court receiver was exempt, counsel contended that it ceased so to be when Fesler turned the money into the copartnership and the latter distributed it among the members thereof.

Petitioner cites Revised Regulations 33, art. 30, above quoted. Unfortunately for him, this regulation applied only to the 1916 act as amended in 1917. It was not thereafter promulgated, but in its place regulations, article 84(b) and article 333 of Regulations 62 of the 1921 act, appeared. These new regulations failed to include the exemption to a partner provided for by Treasury Regulations 33, art. 30, of the act of 1916 as amended in 1917.

■■ A consideration of the statutes leads to two definite conclusions: (a) The extent of the exemptions is fixed by and must be de-

termined by the language of the statute which creates the exemption; and (b) the rule of statutory construction calling for a strict construction of exemption provisions of the Revenue Act must, in this case, give way to the obvious purpose of the statute, which was to avoid certain constitutional provisions, which, if violated would result in the defeat of the act which levied a tax upon an officer of a state.

There are two clauses in section 1211 which cannot be overlooked in our efforts to ascertain whether the exemption was to the res, that is, the sum earned by the officer, or was personal to said officer. The words "received by him as compensation for personal services as an officer or employee" are significant. Congress did not, by this act, merely exempt the amount, but "the amount received *by him*," and such sums were further limited to "compensation for personal services."

It would seem upon principle that the fee of a receiver is so strictly personal to him that, as such fee, it cannot be handed over to a partnership or other entity. Of course, the one receiving it may, after it comes into his possession, pay it over to whomsoever he sees fit. He may pool his earnings, wholly or in part, with other individuals through means of a partnership or other agreement. But it is his personal funds and not receiver's fees which are thus pooled or paid over.

It follows, we think, that the exemption provided by section 1211 was personal to the officer or employee who earned the compensation, and was limited to the money received by the officer. Only the officers receiving the exempted compensation may claim the exemption.

The order of the Board of Tax Appeals is affirmed.