BURNET, Commissioner of Internal Revenue, v. McDONOUGH.

No. 8977.

Circuit Court of Appeals, Eighth Circuit.

Feb. 2, 1931.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and John G. Remey, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen.

Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Joseph R. Brown, of Ft. Smith, Ark., for respondent.

Before KENYON and GARDNER, Circuit Judges, and MUNGER, District Judge.

KENYON, Circuit Judge.

Respondent, a practicing attorney at Ft. Smith, Ark., was engaged to act as its counsel by the Ft. Smith-Van Buren bridge district, which was created by an act of the General Assembly of Arkansas in 1909, for the purpose of constructing and operating a bridge across the Arkansas river between Ft. Smith and Van Buren. His salary was by oral agreement fixed at $500 per year. It was also provided that he should look after the district's cases in court, and for such service he was to have additional compensation, to be fixed by the board, which carried on the affairs of the district.

In 1921 and 1922 the district became involved in litigation, and respondent appeared for it in some important cases, for which he was paid in 1922 the sum of $2,500, in addition to his annual compensation of $500, making $3,000 received by him from the district for that year. This he did not include in his income tax returns for 1922, claiming it to be exempt from federal taxation. The Commissioner of Internal Revenue held that it should be included, and that there was a deficiency in the tax paid for 1922 of $359.40.

Respondent instituted proceedings for a redetermination under the law by the Board of Tax Appeals, and upon hearing said board determined that he was an employee of the Ft. Smith-Van Buren district, and that the compensation received for his services was exempt from the federal income tax.

Petitioner asks review of the Tax Board's decision.

The question for determination is whether respondent is exempt from the federal income tax on the compensation received by him during the year 1922 for acting as attorney for the Ft. Smith-Van Buren district, on the theory that such compensation was paid to him as an officer or employee of a political subdivision of the state within the meaning of section 1211 of the Revenue Act of 1926, c. 27, 44 Stat. 130 (26 USCA § 1065b).

The Revenue Act of 1921, c. 136, 42 Stat. 237, provides:

"Sec. 213. That for the purposes of this title ⁂ ⁂ ⁂ the term 'gross income'—

"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service ⁂ ⁂ ⁂ of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses ⁂ ⁂ ⁂ or gains or profits and income derived from any source whatever. ⁂ ⁂ ⁂ "

The Revenue Act of 1926, c. 27, § 1211, 44 Stat. 130 (section 1065b, c. 19, title 26, USCA), provides:

"Any taxes imposed by the Revenue Act of 1924 or prior Revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any state or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

The Arkansas Legislature, in creating the bridge district, provided it should be a public agency and a body politic under the name of the Ft. Smith and Van Buren district, and could appoint all officers and agents which it deemed necessary and suitable for the conduct of its business.

Section 1211 of the Revenue Act of 1926, which we have heretofore quoted and which is retroactively applicable to the taxable year 1922, exempts from taxation compensation received from a state or a political subdivision thereof when the person receiving the same is an officer or employee thereof. If, therefore, respondent was an officer or employee of the state of Arkansas or a political subdivision thereof, he was not compelled to pay the tax in question. It is not urged in the brief of respondent that he was an officer of the district or of the state, and it could not well be under the authority of Metcalf & Eddy v. Mitchell, 269 U. S. 514, 520, 46 S. Ct. 172, 173, 70 L. Ed. 384, where the Supreme Court said, referring to the claim that plaintiffs in error were officers of the state or a subdivision of the state: "An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. United States v. Hartwell, 6 Wall. 385, 18 L. Ed. 830; Hall v. Wisconsin, 103 U. S. 5, 26 L. Ed. 302. The term 'officer' is one inseparably connected with an office. ⁂ ⁂ ⁂ There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law."

The Board of Tax Appeals did not find him to be an officer.

The proposition relied on is that respondent was an employee of the district, and that the district was a political subdivision of the state.

The facts as found by the Board of Tax Appeals are: That respondent was selected as counsel for the district at a compensation of $500 per year, with the right in the Board to call upon him for any and all necessary legal services, and that, if he were required to go into court in the interest of the district, he should be allowed additional compensation, to be fixed by the Board; that he did serve the district as counsel, his duties including consultations and advice, the writing of contracts, and routine legal services, such as the Board might require; that he attended meetings of the Board, and represented it in hearings before assessors concerning assessments on property; that during all the time he was counsel he maintained his own offices and had a general law practice, but took no cases in conflict with the interests of the district; that his own employees performed the clerical and stenographic work incident to the bridge district's business.

Respondent in his evidence before the Board of Tax Appeals stated he was not employed to do a specific service, but was subject at all times to the direction and control of the board. Of course, respondent was not giving his entire time to the board for a salary of $500 per year. Copies of his income tax returns are in the record and show that respondent was receiving large fees and salaries from other sources. His income tax return for the year 1922 indicated his income from his profession for that year to be $11,796, so that the amount of work represented by the $500 could not have been large.

It is clear to us that, under the decisions of the Supreme Court and of this court, respondent was not an employee as that term is used in the statute, but that he was an independent contractor. The board reserved no right to direct him as to how his work should be done. He was engaged in the general practice of law. It placed its legal matters in his hands for him to take care of by his own means and methods, relieving it from responsibility therefor. It exercised no such control over him as characterizes the relation of employer and employee. The board would

not assume to know how a lawyer should carry on his work. He was engaged to render legal services just as he would have been engaged by a private individual. There was no difference in his relationship with this board from that with any private client who may have paid him $500 a year to draw his contracts and look after some of his legal work, and agreed to pay him additional compensation if he had to go into court. The Board of Tax Appeals did not find that the district in any way controlled the manner in which respondent carried on his work as attorney for them, or what degree of control, if any, it exercised over him.

In Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384, the facts were that Metcalf & Eddy were professional consulting engineers employed to advise states or subdivisions with reference to proposed water supply and sewage disposal systems. They claimed to be employees of a local subdivision of a state within the meaning of the statute. The Supreme Court held they were independent contractors, and said: "Nor do the facts stated in the bill of exceptions establish that the plaintiffs were 'employees' within the meaning of the statute. So far as appears, they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor." Pages 520-521 of 269 U. S., 46 S. Ct. 172, 173.

We see little difference in the situation of these consulting engineers who were rendering professional services from that of an attorney who is advising a district, as is respondent here. In both situations there is no control as to the method of performing their duties. The only difference is that here a small salary was paid to respondent, while there compensation was paid on an annual, monthly, or daily basis.

This court, in Kreipke v. Commissioner of Internal Revenue, 32 F.(2d) 594, reviewed some of the cases wherein the test of control was discussed.

In the recent case of Roberts v. Commissioner of Internal Revenue (C. C. A.) 44 F. (2d) 168, petitioner, who was employed under contracts with the state tax commissioner of Georgia and with boards of county commissioners to collect delinquent state and county taxes, claimed that his income therefrom for the years 1920 and 1921 was exempt from federal taxation under section 1211, Revenue Act of 1926 (26 USCA § 1065b). The court said that under the authority of Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384, and Lucas v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593, he was an independent contractor, and not entitled to claim exemption.

In Mesce v. United States, 64 Ct. Cl. 481, it was held (syllabus): "A building expert, whose services are engaged by a municipality in connection with valuation of certain buildings affected by local improvements, under a policy of having other than city employees do such work, who occupies no public office, selects his own quarters, equipment, and employees, pays for the same at his own expense, and uses his own methods in arriving at the required results, is an independent contractor and not a public instrumentality, and his compensation for such services is subject to the Federal income tax." The court held that the taxpayer was not an employee, and said: "He used his own methods and instrumentalities and did the work of appraising values in his own way and as his judgment dictated, and in so doing he was free, and for such work he received his pay. As to how, with what assistance, and in what time he should perform it he was judge and master. That the plaintiff was not a public instrumentality has been passed upon by this court." Page 494 of 64 Ct. Cl.

In Reed v. Commissioner of Internal Revenue, 34 F.(2d) 263, 264, the Circuit Court of Appeals of the Third Circuit held that income received by an attorney for services as special counsel in representing the commonwealth in collecting state inheritance taxes was not subject to the federal income tax, on the theory that the attorney in performing such services acted as "Employee of the state," within Revenue Act 1926, § 1211. The same contention was made there as here. The Supreme Court of the United States in 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1125, reversed the case in a per curiam opinion upon the authority of Lucas v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593, and Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384.

The principal cases cited in the opinion of the Board of Tax Appeals as sustaining their view are Mathews v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 892, and Byers v. Commissioner of Internal Revenue, 8 B. T. A. 1191. It is interesting to observe as to Mathews v. Commissioner that on the same day the opinion was filed by the Circuit Court of Appeals in that case one was filed by the same court in Howard v. Commissioner, 29 F.(2d) 895, a similar case, deciding the same on the authority of the Mathews Case, and that Howard v. Commissioner was reversed by the Supreme Court in a per curiam opinion (280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593) on the authority of Metcalf & Eddy v. Mitchell, supra, and that as to Blair v. Byers, supra, this court in 35 F.(2d) 326, reversed the same, holding that Byers, who was counsel for the board of waterworks for the city of Des Moines at a salary of $2,500 per annum, was not an employee of the municipality, but an independent contractor. This court, in referring to the fact that during all of this time Byers was a lawyer engaged in the general practice of his profession in the city of Des Moines, said [page 328 of 35 F.(2d)]: "We think this is sufficient to establish that he was free to engage, and was engaged, in other business for other clients; that he was a free professional agent as to the nature of his services and the advice that he would give. Nowhere in the record is it revealed to what extent, if at all, his services were subject to the control of the board of trustees. Furthermore, we are of opinion that an attorney who is engaged in this manner, who has not contracted to give to such a client his entire and exclusive services, does not thereby become an officer or employee in the sense of this statute. It is our judgment that Mr. Byers did not become such an employee of this political subdivision of the state of Iowa, and that the compensation which he received for services was therefore not exempt from income taxes." The fact that Byers was engaged in the exercise of a proprietary function does not bear on the question as to whether he was an employee.

The cases are alike on the question of whether these attorneys were employees under the terms of the statute. Respondent in his statement before the Board of Tax Appeals said:

"I maintain my own offices. They did not furnish me any office and I did not have any office in connection with the Bridge Company. I maintain my own office and the general practice of law.

"Whatever stenographic or clerical work became incident to the transaction of the Bridge Commission's business was performed by my employees with the exception of probably once or twice in 1921 or 1922. Occasionally my stenographers were so crowded in those years 'that I asked the Board to stand for extra expense and when that arose they did it, but I do not think it arose more than two or three times over the whole period.

"Of course the business which I transacted as attorney for the Bridge Commission was only comparatively a small amount of my business but I was obliged to perform it regardless of the amount or time that it required. I either had to do it myself or through somebody I might employ. I of course could take any other concurrent employment if I saw fit but with the understanding that it did not lessen my ability to do their business.

"In addition to being attorney for the Bridge Commission I was attorney for the Sebastian Bridge District, which is the District created by the Legislature of 1913, which constructed and owns the bridge at the foot of Garrison Avenue across the Arkansas river."

We are satisfied that respondent was not an employee of a political subdivision of a state within the meaning of section 1211 of the Revenue Act of 1926 (26 USCA § 1065b).

We refer to another point suggested, i. e., that the tax imposed is one upon a state instrumentality necessary to carry on the affairs of the state, and that therefore it is unconstitutional.

The authorities clearly establish the doctrine that an individual rendering services to a state or a political subdivision thereof does not belong to the class of state agencies exempt from federal taxes, unless he has acquired the status of an officer or an employee. On this subject the Supreme Court in Metcalf & Eddy v. Mitchell, 269 U. S. 524–525, 46 S. Ct. 172, 175, 70 L. Ed. 384, said: "But here the tax is imposed on the income of one who is neither an officer nor an employee of government and whose only relation to it is that of contract, under which there is an obligation to furnish service, for practical purposes not unlike a contract to sell and deliver a commodity. The tax is imposed without discrimination upon income whether derived from services rendered to the state or services rendered to private individuals. In such a situation it cannot be said that the tax is

imposed upon an agency of government in any technical sense, and the tax itself cannot be deemed to be an interference with government, or an impairment of the efficiency of its agencies in any substantial way." We have examined all the cases cited by respondent on the subject of what constitutes an employee. They largely arise under Workmen's Compensation Acts, and pass on the question of master and servant as distinguished from the relationship of an independent contractor. Some of them, such as Amalgamated Roofing Co. v. Travelers' Ins. Co., 300 Ill. 487, 133 N. E. 259, and Brown v. Industrial Accident Commission of California et al., 174 Cal. 457, 163 P. 664, seem to be authorities against respondent's position.

The overwhelming weight of authority leads us to the conclusion that the Board of Tax Appeals was in error in holding that respondent's compensation received from the district was exempt from the federal income tax. The decision is reversed, and the case remanded for further proceedings in harmony with this opinion.

Reversed.