## HAIGHT v. COMMISSIONER OF INTERNAL REVENUE (two cases).

## ADCOCK v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### Nos. 4182–4185.

Circuit Court of Appeals, Seventh Circuit.

Oct. 8, 1931.

Irvin H. Fathchild, of Chicago, Ill., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Helen Carloss and Sewall Key, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before ALSCHULER and SPARKS, Circuit Judges, and CARPENTER, District Judge.

CARPENTER, District Judge.

These cases, consolidated for hearing, involve income taxes for the years 1920, 1922, and 1923, and the appeals are taken from orders of redetermination of the Board of Tax Appeals, entered February 9, 1929. The matter is brought to this court by petitions for review filed February 18, 1929, pursuant to the provisions of the Revenue Act 1926, c. 27, §§ 1001–1003, 44 Stat. 9, 109, 110 (26 USCA §§ 1225, 1226, and § 1224 and note).

Statutes and Regulations Involved.

Revenue Act 1918, c. 18, § 213, 40 Stat. 1057, 1065:

"Sec. 213. That for the purposes of this title * * * the term 'gross income'—

"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, * * * and income derived from any source whatever."

Revenue Act 1921, c. 136, 42 Stat. 227, 237: The corresponding section of the Revenue Act of 1921 (section 213(a) is the same.

Revenue Act 1926, c. 27, § 1211, 44 Stat. 9, 130 (26 USCA § 1065b): "Sec. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

Treasury Regulations 69:

"Art. 88. *Compensation of State Officers and Employees.*—Compensation paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision, including fees received by notaries public commissioned by States, and the commissions of receivers appointed by State courts, is not taxable. Compensation received for services rendered to a State or political subdivision thereof is included in gross income, unless (*x*) the person receives such compensation as an officer or employee of a State or political subdivision, and (b) the services are rendered in connection with the exercise of an essential governmental function. But see section 1211 as to 1924 and prior years.

"An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous, and not temporary, and the duties of which are established by law or regulations and not by agreement. An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary. * * * "

The facts as found by the Board of Tax Appeals are fully set forth in 14 B. T. A. 844, and for economy of space are not here restated, but are referred to. Both petitioners and respondent concurred in those findings.

The Board of Tax Appeals ordered, upon redetermination, that there were deficiencies against Adcock of $932.63 for 1920, and of $446.39 and $311.12 for the years 1922 and 1923, respectively; and against Haight of $1,372.99 for 1920, and of $747.50 and $563.29 for the years 1922 and 1923, respectively.

■ The petitioners make two claims:

(1) The compensation received by Petitioner Adcock for acting as special attorney for the sanitary district of Chicago was exempt from federal income tax on the theory that such income was received by him as an officer or employee of the state, within the meaning of section 1211 of the Revenue Act of 1926, or on the theory that the tax could not constitutionally be imposed.

(2) If such income was not taxable as to Adcock, that portion of the income which was paid to petitioner Haight by virtue of his partnership agreement with Adcock likewise is exempt in Haight's hands.

On the facts disclosed, Adcock was not an "officer" of the sanitary district of Chicago. We are controlled in this regard by cases already decided.

In Ramsay v. Van Meter, 300 Ill. 193, 133 N. E. 193, 195, the court said: "An 'office,' as defined by section 24 of article 5 of the Constitution, is a public position created by the Constitution or law, continuing during the pleasure of the appointing power or for a fixed time, with a successor elected or appointed. * * * As was said by this court in Fergus v. Russel, 270 Ill. 304, 110 N. E. 130, Ann. Cas. 1916B, 1120, there are two distinct elements in the above definition of the word 'office.' In the first place, it must be a public position, and it must be created either by the Constitution or by law; and in the next place, it must be a permanent position with continuing duties. To determine whether the first element is present we have but to look to our Constitution and our statute to see whether the particular position under consideration has been created by the Constitution or by law. To ascertain whether the second element is present it is necessary to determine the character of the position. This is not determined by the method

in which the occupant or holder of the position is selected—whether by appointment or election. If the duties of the office are continuing and it is necessary to elect or appoint a successor to the several incumbents, then the second element is present, whether the incumbent be selected by appointment or by election or whether the incumbent be appointed during the pleasure of the appointing power or be selected for a fixed term."

In Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384, the court said: "An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. * * * The term 'officer' is one inseparably connected with an office. * * * There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law." Lucas, Com'r, v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593; Lucas, Com'r, v. Reed, 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1125.

■ Petitioners' second contention must fail because Adcock was not an "employee" within the meaning of section 1211. Metcalf & Eddy v. Mitchell, supra; Lucas, Com'r, v. Howard, supra; Lucas, Com'r, v. Reed, supra.

In Reed v. Commissioner, 34 F.(2d) 263, the Circuit Court of Appeals for the Third Circuit held that income received by an attorney for services as special counsel in representing a commonwealth in collecting state inheritance taxes was not subject to federal income taxes on the theory that the attorney in performing such services acted as an "employee of the State" within the meaning of section 1211. This case was reversed by the Supreme Court in a per curiam opinion (Lucas, Com'r, v. Reed, supra), on the authority of Lucas, Com'r, v. Howard, supra, and Metcalf & Eddy v. Mitchell, supra.

In the case of Metcalf & Eddy v. Mitchell, supra, it was said: "Nor do the facts stated in the bill of exceptions establish that the plaintiffs were 'employees' within the meaning of the statute. So far as appears, they were in the position of independent contrac-

tors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea of that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor."

The record in this case shows that Adcock, in rendering his services to the sanitary district, was under the general direction and supervision of its general attorney. This was required by the rules and regulations of the board of trustees. All this amounts to is that Adcock would report to the general attorney from time to time as to what had been done, and consulted with him. It does not show that the general attorney exercised any detailed control as to what should be done, and how it should be done, which is essential to the relationship of employer and employee.

■ There is no constitutional exemption from taxation upon the compensation for Adcock's services to the sanitary district of Chicago. Metcalf & Eddy v. Mitchell, supra.

The opinion of Judge Kenyon in Burnet, Com'r v. McDonough (C. C. A.) 46 F.(2d) 944, meets all of the contentions in the case we are now considering, and disposes of them against the petitioners.

See, also, Burnet v. Jones (C. C. A.) 50 F.(2d) 14; Elam v. Commissioner (C. C. A.) 45 F.(2d) 337.

We decide, therefore, that Adcock was not an "officer" or an "employee" of the sanitary district of Chicago, within the meaning of section 1211 of the Revenue Act 1926, and that the taxing of his compensation received from that municipal body was not an interference with his constitutional rights, or that of the state of Illinois.

In the view we take of the Adcock case, it follows that the relief prayed for by the petitioner Haight must be denied.

The orders of redetermination of the Board of Tax Appeals, with costs against the petitioner in each case, are affirmed.