## CHILDERS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7464.

Circuit Court of Appeals, Ninth Circuit.

Nov. 4, 1935.

Charles L. Childers, of Los Angeles, Cal., John C. Ristine, of Washington, D. C., and A. L. Cowell, of Stockton, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, John MacHudson, and Louise Foster, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

PER CURIAM.

This is a petition to review simultaneous decisions of the United States Board of Tax Appeals entered January 11, 1934, and involves the federal income tax liability of the petitioner, formerly a resident of El Centro, Cal., and now residing in Los Angeles, Cal.

The petitioner claims that the respondent has erroneously included in the petitioner's taxable income the amounts of $11,588.23 and $10,055 for the years 1927 and 1928, respectively, representing compensa-

tion received by the petitioner "for services as an officer or employee" of the Imperial Irrigation District of the state of California. The taxpayer contends that the irrigation district is a public agency of the state, exercising "essential Governmental Functions," and that he devoted "practically all of his business hours to the business of said District."

It is the petitioner's contention that the amounts received by him from the district are not subject to federal income taxes under the general principle of law that the federal government cannot tax the means and instrumentalities of the states. He also invokes the revenue laws of the United States and Treasury Regulations issued pursuant thereto.

The board held in effect that the Imperial Irrigation District could not be classified as an essential governmental function of the state of California, and that therefore the petitioner's income derived therefrom was not exempted from federal income taxation.

The matter in dispute was submitted upon an agreed statement of facts, from which the board found the following:

In 1923, the petitioner was engaged as attorney and chief counsel of the irrigation district, and was so engaged during the years in controversy, namely, 1927 and 1928.

The authority for the petitioner's connection with the district is contained in the following resolution adopted by the board of directors of the district:

"Resolved, that Chas. L. Childers, of El Centro, California, be employed as attorney for Imperial Irrigation District, at a retainer of $350.00, which retainer shall include all services rendered by him, excepting the trial of cases and any services requiring his absence from the County of Imperial, and when engaged in the trial of cases on behalf of the District or absent from Imperial County on behalf of the District in addition to said retainer he shall receive the sum of $25.00 per day."

The petitioner maintained his own law office and during the years 1927 and 1928 "he was free to and did accept some other minor concurrent work." He also operated a farm for profit, which operation resulted in a net loss for the year 1927 of $66.06, and net profit of $439.13 for the year 1928.

Practically all of his ordinary business hours were devoted to the affairs of the said Imperial Irrigation District. Because of the volume of district work, it was necessary for the petitioner to employ an assistant, whose compensation was paid by the petitioner.

The expenses incurred by the petitioner in connection with earning the compensation received from the district, which have been allowed by the respondent as deductions from gross income, included office rent, supplies, the salary of the assistant, taxes, and depreciation.

The letterhead of the Imperial Irrigation District lists the petitioner as attorney, under the heading of officers.

The Imperial Irrigation District was formed and exists under the California Irrigation District Act, and the acts amendatory thereof and supplementary thereto (Deering's Gen. Laws, Act 3854).

The petitioner asks this court to review the decision of the board approving deficiencies in federal income taxes of $145.96 and $73.22 for the years 1927 and 1928, respectively.

The primary question here presented is whether the compensation received by the petitioner as attorney for the irrigation district is exempt from the federal income tax. This depends upon the question as to whether the petitioner was an officer or employee of the state of California.

Article 37 of Regulations 69, promulgated under the Revenue Act of 1926, reads in part as follows:

"*State contracts.*—The profit of an independent contractor from a contract with a State or political subdivision thereof must be included in gross income * * *"

Article 88 of the same Regulations is in part as follows:

"*Compensation of State officers and employees.*—Compensation paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision, including fees received by notaries public commissioned by States and the commissions of receivers appointed by State courts, is not taxable. Compensation received for services rendered to a State or political subdivision thereof is included in gross income unless (a) the person receives such compensation as an officer or employee of a State or political subdivision, and (b) the services are rendered in connection with the exercise of an essential governmental function * * *

"An officer is a person who occupies a position in the service of the State or political subdivision, the tenure of which is continuous and not temporary and the duties of which are established by law or regulations and not by agreement. An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary. * * *"

Articles 56 and 643 of Regulations 74, promulgated under the Revenue Act of 1928, contain provisions identical, in all material respects, with those quoted above.

The petitioner contends that, "From the probative facts found by the Board, the ultimate fact must necessarily be that the petitioner is an officer or an employee" of the irrigation district. The respondent insists that the petitioner was an independent contractor in his relationship to the district.

Under this heading, the petitioner asserts that "Since the Board did not find that the petitioner *was not* an officer or employee, but based its decision wholly upon other grounds, the decision of the Board of Tax Appeals cannot be sustained on the ground that the Board might have found that the petitioner was not an officer or an employee."

Though the board's findings do not contain a statement of the ultimate fact that the petitioner was not an employee or an officer, the findings contain sufficient facts to enable us to determine that question as a matter of law. It is well settled that an appellate court may base an affirmance upon grounds other than those relied upon below.

In support of his contention that he was an "employee" of the irrigation district, the petitioner quotes section 1965 of the Civil Code of California, which reads as follows:

"The contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer, or of a third person."

This section, however, must be read in connection with section 2009, which provides:

"A servant is one who is employed to render personal service to his employer, otherwise than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the latter, who is called his master."

The Supreme Court of California has held that "The word 'servant' is generally synonymous with the word 'employee.'" Western Indemnity Co. v. Pillsbury, 172 Cal. 807, 810, 811, 159 P. 721, 723.

The petitioner also lays considerable stress upon the fact that the Board expressly found that he had been "engaged" as attorney and chief counsel, and upon the fact that the board of directors of the district, in its resolution, stated that he be "employed" as attorney, etc.

Again the Supreme Court of California has ruled against the petitioner's contention, and with specific reference to contracts between attorney and client. In Fidelity & C. Co. v. Industrial Acc. Commission, 191 Cal. 404, 410, 216 P. 578, 581, 43 A. L. R. 1304, the court said:

"The circumstance that under the contract decedent was to render nondelegable personal services may be persuasive, but it is in no sense conclusive or determinative. Contracts for the rendition of nondelegable personal services are of common occurrence, which do not constitute the contractor an employee; for example, the ordinary contracts between attorney and client. The same may be said of the use of the phrase 'engages and employs.'"

Indeed, it has been held that even when the word "employee" is used in a statute, such usage is not conclusive in establishing the relationship of employer and employee. Burnet v. Livezey (C. C. A. 4) 48 F.(2d) 159, 161.

The books are replete with instances where the term "employer" or "employ" is used in connection with the hiring of an independent contractor. We need cite only a few such decisions: Western Indemnity Co. v. Pillsbury, supra, 172 Cal. 807, at page 813, 159 P. 721; Fidelity & C. Co. v. Industrial Acc. Commission, supra, 191 Cal. 404, at page 410, 216 P. 578, 43 A. L. R. 1304; quoting Shearman & Redfield on Negligence (6th Ed.) § 164; Metcalf & Eddy v. Mitchell, supra, 269 U. S. 514, at pages 518 and 520, 46 S. Ct. 172, 70 L. Ed. 384; Register v. Commissioner of Internal Revenue (C. C. A. 6) 69 F.(2d) 607, 608, 93 A. L. R. 186.

In California, as elsewhere, "The chief consideration which determines one to be an independent contractor is the fact that the employer has no right of control as to the

mode of doing the work contracted for. * * *" Green v. Soule, 145 Cal. 96, 99, 78 P. 337, 339, quoting 16 Am. & Eng. Encyc. of Law (2d Ed.) p. 187; Western Indemnity Co. v. Pillsbury, supra, 172 Cal. 807, at page 811, 159 P. 721.

To render one an employee, the employer's right of control must be complete, and extend to the details of the work.

In Western Indemnity Co. v. Pillsbury, 172 Cal. 807, supra, at page 811, 159 P. 721, 723, the court said:

"It is true that many authorities specify 'control' of the person performing work as the means of differentiating service from independent employment. The test of 'control,' however, means *complete* control.'"

And in Fidelity & C. Co. v. Industrial Acc. Commission, supra, 191 Cal. 404, at page 407, 216 P. 578, 580, 43 A. L. R. 1304:

"He is deemed to be the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, not merely in the ultimate results of the work, but in all the details."

The test to which we refer was recognized in the case of Haight v. Commissioner of Internal Revenue (C. C. A. 7) 52 F. (2d) 779, 781, certiorari denied Adcock v. Commissioner, 285 U. S. 537, 538, 52 S. Ct. 311, 76 L. Ed. 931, in which the court said:

"The record in this case shows that Adcock, in rendering his services to the sanitary district, was under the general direction and supervision of its general attorney. This was required by the rules and regulations of the board of trustees. All this amounts to is that Adcock would report to the general attorney from time to time as to what had been done, and consulted with him. It does not show that the general attorney exercised any detailed control as to what should be done, and how it should be done, which is essential to the relationship of employer and employee."

In the leading case of Metcalf & Eddy v. Mitchell, supra, the plaintiffs were consulting engineers, who, either as individuals or as co-partners, were professionally "employed" to advise states or subdivisions of states with reference to proposed water supply and sewage disposal systems. In that case, 269 U. S. 514, at pages 520, 521, 46 S. Ct. 172, 173, 70 L. Ed. 384, the Supreme Court of the United States said:

"Nor do the facts stated in the bill of exceptions establish that the plaintiffs were 'employees' within the meaning of the stat-ute. So far as appears, they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. [Cases cited.]"

So here, there is nothing in the record to establish that the petitioner was an "employee" within the meaning of the constitutional limitation. Neither in the resolution of the board of directors, upon which the petitioner relies, nor in the findings of the Board of Tax Appeals can there be found any statement which would justify the assumption that the contract between the petitioner and the district was other than an ordinary contract between attorney and client, so far as supervision and control by the client are concerned.

Of a similar contract with a drainage district, in Burnet v. Jones (C. C. A. 8) 50 F. (2d) 14, 15, the court said:

"While his employment was authorized by statute, the statute itself does not fix the status of the attorney as an employee. It does not fix his duties, his salary, nor his tenure of office. He gave no bond and took no oath of office. He had no fixed office hours, but rendered legal services pursuant to specific contract. * * *

"The lawyer who is retained in the affairs of his client is not properly designated an employee. He is an officer of the court. As counselor and advisor to his clients and as an advocate before the court, whatever action he takes is upon independent judgment illuminated by his learning, his skill, his experience, and his ethics. The relationship of attorney and client is entered into and maintained with regard to these considerations, and is not that of employer and employee."

See, also, 13 Cal. Jur. 1019, 1020; 3 Cal. Jur. 654–656; Singer Manufacturing Co. v. Rahn, 132 U. S. 518, 523, 524, 10 S. Ct. 175, 33 L. Ed. 440; Chicago, R. I. & P. R. Co. v. Bond, 240 U. S. 449, 455–457, 36 S. Ct.

403, 60 L. Ed. 735; Burnet v. McDonough (C. C. A. 8) 46 F.(2d) 944, 945, 946; Brown v. Commissioner of Internal Revenue, 19 B. T. A. 568, 573, 574, petition for review denied (C. C. A. 5) 55 F.(2d) 1076, certiorari denied 287 U. S. 602, 53 S. Ct. 8, 77 L. Ed. 524; Kreipke v. Commissioner of Internal Revenue (C. C. A. 8) 32 F.(2d) 594, 596; Roberts v. Commissioner (C. C. A. 5) 44 F.(2d) 168; Haight v. Commissioner, supra, 52 F.(2d) 779, at page 781; Underwood v. Commissioner (C. C. A. 4) 56 F.(2d) 67, 71, 72; Norcross v. Helvering, 64 App. D. C. 160, 75 F.(2d) 679, 680.

Nor could the petitioner be considered an "officer" of the district. He cites to us no statute creating the office of attorney for an irrigation district, nor have we been able to discover any. Sections 7 and 19 of the California Irrigation District Act (Deering's Gen. Laws, Act 3854) provide for the election of officers, and section 19c provides for the appointment of officers, but no mention is made of an attorney.

Section 15 of the act empowers the board of directors to "employ and appoint such agents, officers, and employees as may be required, and prescribe their duties." We assume that the petitioner was appointed as attorney under this provision.

Nor does the fact that the petitioner's name appears as attorney under the heading of officers, on the letterhead of the district, conclude the matter; for, as we have repeatedly held, and as we have already pointed out herein, legal relationships are determined not by labels but by contractual provisions, interpreted according to law. "We do not regard that question as answered by mere terminology." Helvering v. Powers, supra, 293 U. S. 214, at page 224, 55 S. Ct. 171, 173, 79 L. Ed. 291.

Extremely apposite to the instant case is the language of the court in Metcalf & Eddy v. Mitchell, supra, 269 U. S. 514, at page 520, 46 S. Ct. 172, 173, 70 L. Ed. 384:

"An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law. Where an office is created, the law usually fixes its incidents, including its term, its duties and its compensation. [Case cited.] The term 'officer' is one inseparably connected with an office; but there was no office of sewage or water supply expert or sanitary engineer, to which either of the plaintiffs was appointed. The contracts with them, although entered into by authority of law and prescribing their duties, could not operate to create an office or give to plaintiffs the status of officers. [Cases cited.] There were lacking in each instance the essential elements of a public station, permanent in character, created by law, whose incidents and duties were prescribed by law. [Cases cited.]"

See, also, Helvering v. Powers, supra, 293 U. S. 214, at pages 222, 223, 55 S. Ct. 171, 79 L. Ed. 291; Blair v. Byers, supra, 35 F.(2d) 326, at page 328; Haight v. Commissioner, supra, 52 F.(2d) 779, at pages 780, 781; Register v. Commissioner, supra; Commissioner v. Modjeski, supra, 75 F. (2d) 468, at page 470.

Applying the principles announced in the foregoing decisions, we conclude that the petitioner was neither an employee nor an officer, but was an independent contractor who entered into the ordinary relation of attorney and client with a public corporation.

The petitioner has not brought himself either substantially or "exactly within the exception he claims." Register v. Commissioner, supra, 69 F.(2d) at page 607.

Inquiring into the effect of the particular tax, we do not find that it impairs in any substantial manner the ability of the petitioner to discharge his "obligations to the state or the ability of a state or its subdivisions to procure the services of private individuals to aid them in their undertakings." Metcalf & Eddy v. Mitchell, supra, 269 U. S. 514, at page 526, 46 S. Ct. 172, 175, 70 L. Ed. 384. See, also, Tirrell v. Johnston, 86 N. H. 530, 171 A. 641, 654, affirmed 293 U. S. 533, 55 S. Ct. 238, 79 L. Ed. 641.

The petition is denied, and the decisions of the Board of Tax Appeals are affirmed.