CONSOER, OLDER & QUINLAN, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
No. 5578.

Circuit Court of Appeals, Seventh Circuit.
June 12, 1936.

Charles D. Hamel, John Enrietto, and C. F. Rothenburg, all of Washington, D. C. (T. A. Kolb, of Chicago, Ill., and Hamel, Park & Saunders, of Washington, D. C., of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS and ALSCHULER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal involves the taxability of compensation received for services rendered to municipalities by an engineering corporation, reporting on the accrual basis, which compensation was in the form of vouchers payable out of the first installment of special assessments when collected. The 1926 taxes are $20,099.94, and the 1927 taxes are $20,227.51.

Petitioner contends: (I) This income is exempt because it is an instrumentality of the state acting in a governmental capacity. (II) If this premise be not accepted, then the income is only taxable in the year in which funds sufficient to pay the vouchers are on hand.

The Board held against petitioner on both propositions, concluding that the petitioner was an independent contractor in its relations to the municipalities and not an employee; and since it reported on the accrual basis, the vouchers evidenced a claim the value of which became taxable income when they were received by the taxpayer.

Respondent, after pointing out the salient facts in petitioner's relationship with the municipalities, urges that the only possible conclusion consonant with the legal principles applicable is that petitioner was an independent contractor, at least not an employee, and that inasmuch as in prior years it consistently reported on the accrual basis, it would not be permitted to change to the cash basis of making returns for tax purposes.

I. We are first required to determine the status of petitioner and the character of its employment.

Petitioner was engaged in municipal engineering work (water, paving, sewer, sidewalk, etc.) for approximately twenty villages near Chicago. It employed fifteen to twenty persons, engineers and others. It worked for the municipalities by the year or administration, pursuant to either a written or oral contract. The projects which it supervised were carried out under the special assessment provisions of the Local Improvement Act of Illinois, material portions of which are quoted in the margin.[1] Petitioner's compensation was fixed at 5% (except in two instances) of the cost of construction, payable solely in special assessment vouchers out of the first installment (there were generally ten installments to the assessment), when collected. It received these vouchers im-

---

[1] Smith-Hurd Ann.St.Ill. c. 24, § 778; Cahill's Ill.Rev.Stats.1933, c. 24, par. 202. "Letting contracts—Approval. * * * All contracts for the making of any public improvement, to be paid wholly * * * by special assessment * * * shall be let to the lowest responsible bidder * * *

such contracts to be approved by the president of the Board of Local Improvements."

Section 791; paragraph 215. "Inspection of Work. The said board of local improvements shall cause the entire work done pursuant to any such * * * con-

mediately after the award of the contract, although its work was perhaps at that time only 40% completed. The vouchers were not due until January 2 of the succeeding year.

Was petitioner an officer or employee of municipalities exercising essential governmental functions?

 The burden was upon it to establish the affirmative, for it was seeking a deduction from its gross income. In this court its burden was even greater. It must here show that there was no substantial evidence to support a finding that it was not an officer or employee of the municipality, whereas before the Board of Tax Appeals the burden was met if it established its assertion by a preponderance of the evidence.

Article 88, Regulations 69, provides:

"An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary."

 The regulation, if literally applied, would preclude further inquiry. So tested, petitioner was clearly not an employee. We are not, however, disposed to accept without question any and all definitions of "employee" that the Commissioner may announce. An officer or an employee of a municipality exercising essential governmental functions is entitled to an exemption of his salary or wage as a matter of right. Neither legislative enactment nor departmental regulation may whittle down that right. We therefore feel impelled to examine the facts and cases to determine independently whether petitioner was an employee. Of adjudications there are many,[2] several from this circuit.[3] While we are not prepared to hold that employment must be continuous and that it can

---

tract, and the materials therefor, to be carefully inspected during the progress of the work * * *."

Section 803; paragraph 226. "Expenses, Costs, Etc.—How To Be Paid. * * *

"The limitation in the foregoing proviso shall not apply to the costs of engineering and inspection connected with any local improvement, but such costs * * * may be included in the cost of the improvement to be defrayed by special assessment * * *."

Section 799; paragraph 222. "No Claim or Lien Except Against the Assessment. No person or persons accepting the vouchers * * * as provided herein shall have any claim or lien upon the city * * * in any event for the payment of such vouchers * * * or the interest thereon, except from the collections of the assessment against which said vouchers * * * are issued, but the municipality shall not, nevertheless, be in any way liable to the holders of said vouchers * * * in case of failure to collect the same, but shall, with all reasonable diligence, so far as it can legally do so, cause a valid special assessment or assessments, * * * to be levied and collected, to pay said * * * vouchers, until all * * * vouchers shall be fully paid. Any holder of vouchers * * *, or their assigns, shall be entitled to summary relief by way of mandamus or injunction to enforce the provisions hereof."

Section 743; paragraph 167. "Division of Assessment into Installments—Payment of Interest * * *. It shall be lawful to provide by the ordinance for any local improvement, any portion of the cost of which is to be defrayed by special assessment * * * that the aggregate amount

assessed, and each individual assessment, * * * be divided into installments not more than ten (10) in number * * *. The first installment shall be due and payable on the second day of January next after the date of the first voucher issued on account of work done * * *."

Section 794; paragraph 218. "Payment To Be By * * * Voucher. * * * If such first installment is not collected when payments fall due, vouchers therefor may be issued, payable out of the first installment when collected. Such vouchers shall bear interest at a rate not more than six per centum per annum nor less than four per centum per annum, payable annually * * *."

2 Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Childers v. Commissioner, 80 F.(2d) 27 (C.C.A. 9); Buckner v. Commissioner, 77 F.(2d) 297 (C.C.A. 2); Commissioner v. Modjeski, 75 F.(2d) 468 (C.C.A. 2); Commissioner v. Murphy, 70 F.(2d) 790 (C.C.A. 2); Norcross v. Helvering, 64 App.D.C. 160, 75 F.(2d) 679; Register v. Commissioner, 69 F.(2d) 607, 93 A.L.R. 186 (C.C. A. 5); Burges v. Commissioner, 69 F.(2d) 609 (C.C.A. 5); Underwood v. Commissioner, 56 F.(2d) 67 (C.C.A. 4); Brown v. Commissioner, 55 F.(2d) 1076 (C.C.A.5); Burnet v. Jones, 50 F.(2d) 14 (C.C.A. 8); Burnet v. McDonough, 46 F.(2d) 944 (C. C.A. 8); Roberts v. Commissioner, 44 F. (2d) 168 (C.C.A. 5); Blair v. Byers, 35 F.(2d) 326 (C.C.A. 8); Kreipke v. Commissioner, 32 F.(2d) 594 (C.C.A. 8); Mesce v. United States, 64 Ct.Cl. 481.

3 Haight v. Commissioner (C.C.A.) 52 F.(2d) 779; Elam v. Commissioner (C.C. A.) 45 F.(2d) 337.

not be limited to specific objects, yet we must recognize both as factors to be considered by the fact finder when ascertaining the character of an employment.

The character of services rendered may be described generally as follows:

Projects were initiated by petition of property owners. Resolutions were then drafted to cover the proposed work, by petitioner consulting with the local board of improvements. The petitioner would meet with the council during the progress of the ordinance to answer technical questions. Its engineers would testify at hearings on objections to assessments. It would draft the proposed work to be submitted to bidders and upon reception of bids would investigate the bidders. It would make the specifications for work and material and would investigate the quality of the work performed and material furnished. It had its own inspectors, and sometimes the villages also had inspectors, but petitioner would report to the village the capabilities of the village inspectors. In attempting to prove the existence of an employee-employer relation rather than that of independent contractor, petitioner has cited many instances where it was overruled by the village in matters of material to be used, in tests to be made, in the exact locations of the improvement and appurtenances being constructed, and in the performance time limit. It also cited instances where a village would demand that it send a designated engineer to handle the work and that another be withdrawn.

The following facts sustain the finding that petitioner was neither an officer nor an employee:

(1) The character of the services rendered is hardly consistent with the employee status. While it may be that the villages employing it might direct in certain instances changes to be made, the very purpose of the employment was to obtain expert assistance in matters in which the municipal officials were not conversant. The fact that the villages could and did suggest or direct the manner of performance of the work in no way detracts from the dominant fact that petitioner was hired as "skilled engineers * * * who are fully qualified, ready, and willing to perform * * * all the engineering work * * * to the satisfaction of the * * * Board of Local Improvements." The only power retained by the village is that the work be done to its satisfaction, and that in case it is not, the contract might be terminated.

(2) The services were rendered in the course of the erection of improvements. Petitioner did not work exclusively for one village but was hired by approximately twenty villages. Nor did it work for any one village for any specified period of time in any year.

(3) Ordinarily the relationship of employer-employee suggests an individual as the employee. There may be instances where a corporation might be an employee, yet it can hardly be denied that services rendered by a corporation which in turn employs many individuals is suggestive, if not indicative, of an independent contractor relationship.

(4) The method of compensation—by means of vouchers for which the village doing the hiring was in no way responsible— is another, though minor, indication of the absence of employer-employee relation.

(5) The character of the services is not unlike that rendered by lawyers for municipalities in employments somewhat analogous in character. The courts have uniformly held that lawyers rendering such services are not employees. Haight v. Commissioner (C.C.A.) 52 F.(2d) 779; Elam v. Commissioner (C.C.A.) 45 F.(2d) 337.

After this court had reached the foregoing conclusion we found the case of Pease v. Commissioner, 83 F.(2d) 122, decided by the Sixth Circuit Court of Appeals, April 15, 1936, reported at par. 9236, 1936, C. C. H. Fed. Tax Service. This opinion in a case singularly similar confirms the conclusion we had reached before we found the sixth circuit opinion.

II. Petitioner's income taxes were returned on the accrual basis.

Controversy exists as to the year petitioner was chargeable with the income represented by the vouchers by it received. Respondent argues that it should be charged therewith in the year petitioner received the vouchers, viz., when the right accrued. Spring City Co. v. Commissioner, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200.

Petitioner carried the vouchers on its books as accounts receivable, and rightly so. Its right was absolute and unqualified. It could, under the Illinois statute (Smith-Hurd Ill.Ann.St. c. 24, § 799), compel by mandamus the levy of an assessment.

If we are to give effect to the difference between the cash receipts and accrual

bases as determined in the Spring City Case, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200, we find it impossible to escape the conclusion that petitioner was chargeable with the value of the vouchers in the year it received them. If a loss subsequently occurred on said vouchers, it became a deductible loss in the year such loss occurred.

The order of the Board of Tax Appeals is affirmed.