## LA ROCHELLE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7253.

Circuit Court of Appeals, Seventh Circuit.

Nov. 26, 1940.

Donald W. Staehlin and Lee R. La Rochelle, both of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Berryman Green, Sp. Assts. to Atty. Gen., and J. P. Wenchel and John W. Morawski, Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

A deficiency income tax was assessed against attorney Lee LaRochelle for the year 1932, based upon sums he received for services in collecting delinquent personal property taxes for Cook County.

Petitioner asserts, and respondent denies, that the amounts thus received were exempt from Federal income tax liability because petitioner was "an officer or employee" of the State of Illinois, and the sums received were paid him in his capacity of officer or employee of Cook County, Illinois. Respondent successfully contended before the Board of Tax Appeals that LaRochelle was an independent contractor.

*The Facts.* The petitioner had served as an assistant state's attorney for Cook County since 1924. He resigned on May 31, 1932.

He and three others were immediately employed by the County Board, with the approval of the Chief Justice of the Circuit Court, as special counsel, pursuant to the terms of a contract hereinafter more fully set forth.

Broadly speaking the four attorneys were employed to collect some two hundred thousand delinquent personal property tax obligations which the state's attorney's staff was unable to vigorously enforce because of inadequate appropriations. Assessment and collection of taxes had been lax in Cook County. When vigor was injected into the policy of collection, the taxpayers "went on a strike," and refused or failed to pay their obligations.

Important provisions of the contract are herewith set forth.

"Now, therefore, In consideration of the premises and of the mutual undertakings and covenants herein contained, it is contracted and agreed as follows:

"That said 'Board' hereby authorizes, employs and retains said 'Attorneys' to bring suits to collect the above described taxes.

"That as compensation the aforementioned attorneys shall receive a percentage of the total amount collected, the maximum of which shall not be over ten per cent, for the entire staff, and that the individual attorneys shall each receive not more than three nor less than two per cent. and this is to be distributed as follows:

"Mr. Lee R. LaRochelle is to receive three per cent, Mr. Elmer M. Walsh is to receive two and one-half per cent, Mr. James J. McDermott is to receive two and one-quarter per cent, and Mr. Samuel F. Block is to receive two and one-quarter per cent making a maximum total of ten per cent. out of which all expenses incurred in the filing, investigation, and trial of these cases is to be borne by each of the aforementioned attorneys in equal amounts, that is, each shall bear one-quarter of the total expenses incurred in the prosecution of these suits and for the employment of all necessary help and other necessary expenses. Payments shall be made to the attorneys monthly upon certified statements of the collections for the preceding month.

"That the aforementioned contract shall be paid from funds which are received from penalties exacted on the delinquent tax and the balance from the general corporate fund.

"That the period of this contract shall be governed by the completion of the case started within one year of the date of signature and extended until all lis pendens cases are tried.

"That said attorneys agree to devote to the work as above described their best ability and the full amount of their time as may be necessary to effectively consummate it."

Petitioner testified that his work was directed by the County Board, with whom he conferred several times a week and that body determined the propriety of all appeals. He said he had no independent au-

thority and could not accept compromises or settlements.

He conducted no other legal business during the time he was in this employ. He had offices in the County Building, and he and his associates bore the office expenses. The title "county attorney" appeared on the door.

The Board found that petitioner was an independent contractor who was retained under an unusual and special contract to do a specific task, namely, enforce tax collections according to his own judgment. It concluded that neither the County Board's supervision or veto power nor his occupancy of quarters in the County Building made him an employee. The Board emphasized the fact that he took no oath and gave no bond.

The holdings of the Court in Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427, and Graves v. New York ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, would be conclusive on this appeal, were it not for the provision of the Public Salary Act of 1939 (26 U.S.C.A. Int.Rev.Code § 22, Historical Note) which relieved officers and employees of a state from liability for income tax on salaries prior to 1938 as decided by the court in the Gerhardt case, supra.

The Public Salary Tax Act left petitioner's liability to be determined according to the law as it existed prior to the Gerhardt decision. In other words, liability in this case turns upon whether petitioner was an officer or an employee of the County of Cook, as he contends, or was an independent contractor, as respondent urges.

As we read the decisions which are controlling (Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Commissioner v. De Leuw, 7 Cir., 95 F.2d 647; Consoer, Older & Quinlan v. Commissioner, 7 Cir., 85 F.2d 461; Elam v. Commissioner, 7 Cir., 45 F.2d 337), petitioner was neither an officer nor an employee.

The arguments which are persuasively advanced by him are directed to the soundness of the decisions in the foregoing cases, rather than to an effort to distinguish them from the instant case. There are several circumstances which strongly support the view that petitioner was an independent contractor, or, to state it in the alternative, that he was neither an officer nor an employee. They are: He took no oath.

He gave no bond. His compensation was inconsistent with the general conception of a salary. The total amount by him received in six months was disproportionate to the salary of an assistant state's attorney. His duties were quite different from that of such an officer. The duties of an assistant state's attorney are prescribed by law. Here the duties were fixed by contract of the parties. Petitioner paid his own expenses, and the costs of litigation. He signed an agreement which the parties three times called a contract.

The order of the Board of Tax Appeals is affirmed.