## REED v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Third Circuit.
July 25, 1929.

No. 4019.

· Maynard Teall and Smith, Shaw, McClay & Seifert, all of Pittsburgh, Pa., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Randolph C. Shaw, Sp. Assts. to the Atty. Gen. (C. M. Charest, Gen. Counsel, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. ▉ In its general appropriation act of 1919 for the two fiscal years beginning June 1, 1919, the commonwealth of Pennsylvania set apart certain funds for "the services and expenses of attorneys to be employed to assist in cases and the prosecution of claims in which the commonwealth is interested." Appropriation Acts Pa. 1919, No. 42A, p. 39.

In ·pursuance thereof the Attorney General of Pennsylvania, by telegram of December 1, 1920, employed David A. Reed, an attorney at law and the taxpayer in this case, in these words: "I have designated you as special counsel to represent the commonwealth in the matter of the inheritance taxes due by the estate of Henry C. Frick." By answering telegram of same day, Reed accepted the employment. By letter of same date the Attorney General appointed him to also represent the commonwealth in the estate of Edith Ann Oliver. Both of these cases were in courts far distant from the capital of the state, but in the county where Maj. Reed resided. In pursuance of this employment the latter thereafter represented the commonwealth in state and federal courts in the suits growing out of the said estates. On May 1, 1921, the Attorney General, in pursuance of the recited statutory authority, issued to Maj. Reed a warrant in payment of his services, which stated: "$2,500.00 to appropriation for payment of services and expenses of attorneys to be employed to * * * assist in the prosecution of claims in which the commonwealth is interested, etc., per Act July 16, 1919, No. 42A."

In his tax return for 1921 Maj. Reed treated as nontaxable income the above-mentioned amount of $2,500 received by him from the commonwealth of Pennsylvania as compensation for legal services. Upon audit of the return the Commissioner included said amount as taxable income and computed the deficiency thereby resulting, and held such sum was subject to income tax. Thereupon the taxpayer took this appeal.

After argument and due consideration had, we are of opinion that money so paid by the commonwealth to Maj. Reed was not taxable as income by reason of the exemption stated in section 1211 of the Revenue Act of 1926 (26 USCA § 1065b), the pertinent part of which provides: "Any taxes imposed by the Revenue Act of 1924 or prior revenue acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any state or political subdivision thereof * * * shall * * · * be abated, credited, or refunded."

The contention on which the Commissioner refused to allow the exemption, that Maj. Reed was an independent contractor and not an employee of the state, is against the drift

of judicial decisions—Blair v. Mathews (C. C. A.) 29 F.(2d) 892; Howard v. Commissioner (C. C. A.) 29 F.(2d) 895—and does not appeal to us. In the cases in which he was employed, the constitutionality of certain laws was involved, and the challenged right of the commonwealth to collect inheritance taxes was a matter of grave importance and large financial concern. Manifestly it was not the purpose of the commonwealth to abdicate and surrender to any one, not even to the most able and experienced lawyers, all control and direction of the litigation which was to thus judicially determine its power of taxation. It had its own Attorney General to represent it, and by the statutory provision which enabled the Attorney General to employ, as he here did, local legal help, it was expressly restricted to "attorneys to be *employed to assist,*" etc.

The course of the litigation in question shows that Maj. Reed, far from controlling it, was in constant communication with the Attorney General of the state, and, in the words of that officer, "no important questions of policy were decided without his previous consultation with and authority from me." In some of the cases the Attorney General attended the argument, and in all of them his name appeared on the briefs. Under this situation it is clear to us that Maj. Reed, in fulfilling his employment to assist, was an employee of the state, and that the part of his income here in question was, in the words of the statute, "received by him in compensation for personal service as an * * * employee of the state."

As the power of a state to live depends on its right to tax, it follows that to subject its power to tax to the taxing power of another sovereign is, to that extent, to strike at the life of the state. It follows, therefore, in our dual form of federal and state sovereignty, that neither nation nor state can in any way trammel the free and sovereign power of each to tax in its own sphere, and to use, free from taxation, the service of every one it employs to aid in effecting its power of taxation. The constitutionality of the power to tax here concerned was pro tanto vital to the existence of the commonwealth, and the work of counsel employed to assist the Attorney General in vindicating that right in the courts was not the work of Maj. Reed, but of the state itself, for "qui facit per alium facit per se."

So holding, the petition for review is sustained, and the cause remanded to the Board of Tax Appeals, to enter such order as will exempt the taxpayer from payment on the $2,500 received from the commonwealth of Pennsylvania.