PACKARD THURBER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28916.    Promulgated October 9, 1930.

*A. G. Ritter, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

SEAWELL: It is not contended in behalf of the petitioner that he is an officer of the State of California, but it is insisted that during the taxable years he was a State employee and the fees which he received from the State compensation insurance fund for professional services rendered patients sent him by the State Industrial Accident Commission are not taxable income.

In the Revenue Act of 1926, it is provided:

SEC. 1211. Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

In the circumstances of the instant case and in view of recent decisions of this Board and decision of the Supreme Court of the United States in *Lucas* v. *Reed*, 281 U. S. 699, reversing the Circuit Court of Appeals for the Third Circuit, 34 Fed. (2d) 263, which reversed this Board in *David A. Reed*, 13 B. T. A. 513, there is no occasion for any extended discussion.

The petitioner is not shown to have held any commission from the State or any written appointment by, or contract with, any officer of the State. He took no oath and gave no bond. He was simply one of a number of physicians designated by State officers to treat on a scheduled fee basis patients who might be sent him by them for such treatment. There was some supervision of his work by a medical director and the fees which were received by petitioner came from the compensation insurance fund, but such, in our opinion, did not make him an employee of the State in the sense of the statute. While giving preference in the matter of treatment to patients sent him by the State Industrial Accident Commission, his practice as physician and surgeon was not confined to them and a substantial part of his income from his practice was from other or outside sources.

The fact that he did certain medical work at the instance or request or upon the designation of some State officer and was paid therefor from a fund administered by such officer or officers did not make him an employee of the State or of a political subdivision thereof.

On the authority of the cases cited below, we hold the petitioner is not an employee of the State of California and is not entitled to claim the benefits of section 1211 of the Revenue Act of 1926, and the action of the respondent in holding the fees received by him from said State fund taxable is approved. See *Lucas* v. *Reed, supra; Lucas* v. *Howard*, 280 U. S. 14A; *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Charles M. Haft*, 20 B. T. A. 431; *John R. Spelman*, 18 B. T. A. 313; and *William Maxwell Conley et al.*, 18 B. T. A. 736.

*Judgment will be entered for the respondent.*