ROBERT P. BAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66014.    Promulgated August 18, 1933.

*Morton P. Fisher, Esq.*, and *Louis J. Sagner, Esq.*, for the petitioner.

*C. A. Ray, Esq.*, for the respondent.

**OPINION.**

GOODRICH: Again we must determine the relationship between a taxpayer and his state government that we may decide whether the compensation paid him for his services by the state may be subjected to the Federal income tax. Petitioner contends that he was either an officer or an employee of the State of Maryland, rendering services to one of its instrumentalities engaged in the discharge of an essential function of government and, consequently, his salary may not be levied upon by the United States. *Fox Film Corp.* v. *Doyal*, 286 U.S. 126; art. 643, Regulations 74. The record discloses that there attached to him some of the characteristics of both classifications. Authority for his appointment was given by statute; an oath of office was required of him, and the appointment was approved by the chief executive of the state. (Sec. 5, art. 101, Bagby's Code.) He was classified as an employee under the state law (art. 64-A, Bagby's Code); his compensation, upon a salary, not a fee basis, was appropriated by legislative act and paid him from the funds of the state. His services were regular and continuous, and in general were prescribed, and not limited to the accomplishment of a particular object. *Truitt* v. *Collins*, 122 Md. 526; *Burnet* v. *Livezey*, 48 Fed. (2d) 159; affirming 15 B.T.A. 806; *Metcalf & Eddy* v. *Mitchell*, 269 U.S. 514.

Respondent does not deny that the commission was an agency of the state engaged in carrying out an essential function of govern-

ment—see chapter 800, Acts 1914, Maryland; *Solvuca* v. *Ryan & Reilly Co.*, 131 Md. 265—but maintains that petitioner was neither an officer nor employee of the state, but an independent contractor. He argues that, since no member of the commission was a physician, the commission failed to retain the right to control petitioner's services fully, as it could not direct him as to *how* his work should be done, as well as *what* he should do, citing *Singer Mfg. Co.* v. *Rahn*, 132 U.S. 518, and other cases. With that we disagree. In our opinion, petitioner was an employee of the commission, and therefore of the state. *G. Ridgely Sappington*, 25 B.T.A. 1385. As we see it, the commission fully controlled petitioner's services, not only as to the tasks to which they should be applied, but also as to the method by which the work should be accomplished. Petitioner did not undertake the usual duties of surgeon to patient; his work was strictly limited to examinations of such persons as were sent to him. The commission told him what it wanted done, when to do it, and how to accomplish and report his work. His results, it accepted or rejected as it saw fit; if dissatisfied with them, it directed him to take further action in the matter. The record shows that he was continuously at the call and direction of the commission. True, the members of the commission could not tell him how to interpret the sounds transmitted to him through his stethescope, the conclusions to be made from his observations in tests of muscle and nerve, or the meaning of conditions revealed by blood count. Such things were beyond their knowledge; and that they might have such information respecting the cases pending before them they retained petitioner, who, by the application of his medical training and skill, could advise them in these matters. Respondent would have us say that, because petitioner's examinations called for the exercise of training and knowledge different from that possessed by the members of the commission, he was beyond their control in conducting those examinations and, consequently, could not be an employee. In our opinion, such a construction of the term "control", in view of the circumstances here obtaining, is too narrow. Should the term require that the members of the commission be able to do what petitioner was employed to do for them, which is the effect of respondent's argument, it would follow that an expert stenographer could not be an employee for the reason that the commission members perhaps were unable to write in the cryptic hieroglyphics known as shorthand and could not give instructions as to which keys of the typewriter should be pressed with certain fingers in order to obtain the maximum of speed and accuracy. The decision in *Packard Thurber*, 20 B.T.A. 1208, relied on by respondent, is distinguishable upon its facts from the case at bar.

*Judgment will be entered for the petitioner.*