## WATSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5887.

Circuit Court of Appeals, Third Circuit.

Jan. 20, 1936.

Russell E. Watson and John B. Molineux, both of New Brunswick, N. J., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and S. Dee Hanson and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before DAVIS and THOMPSON, Circuit Judges, and FORMAN, District Judge.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner is a lawyer engaged in general practice in New Jersey. In 1928, by a joint resolution, the New Jersey Legislature created a committee charged with the duty "to make a survey of all questions of public interest; to investigate violations of law and the conduct of any state, county, or municipal official, state, county or municipal department, state, county or municipal commission, state, county or municipal board, or state, county or municipal body, to report whether the functions of such officials, departments, commissions, boards, and bodies, have been or are being lawfully and properly discharged, for the purpose of obtaining information relative thereto as a basis for such legislative action as the Senate and General Assembly may deem necessary and proper; to ascertain what departments or activities of the state, county, or municipal governments may be curtailed, consolidat-

ed, or eliminated, and report those findings as a basis for such legislative action as the Senate and General Assembly may deem necessary and proper; to make a general survey of the finances of the state, counties, municipalities, and to report its findings as a basis for such legislative action as the Senate and General Assembly may deem necessary and proper, excluding, however, any investigation of the Department of Banking and Insurance."

Section 2 of the resolution provided: " * * * The committee shall select a chairman and secretary, and shall have the power to employ the necessary legal, clerical and other assistance."

The petitioner served as chief counsel for the committee from June, 1928, until January, 1930, and for the services thus rendered he was paid $18,000 in 1929 by the state of New Jersey. He did not include this amount in his income tax return. The Commissioner assessed a deficiency and was sustained by the Board of Tax Appeals. The petitioner claims that, as to this sum, he was an instrumentality of the state. The Commissioner disputes the claim. Although there is no express provision in the Constitution of the United States which prohibits the imposition of federal income taxes upon agencies and instrumentalities of a state, the Supreme Court has held that the tax prohibition is necessarily implied. The Collector v. Day, 11 Wall. 113, 20 L.Ed. 122; United States v. Baltimore & O. Railroad Company, 17 Wall. 322, 21 L.Ed. 597. The Sixteenth Amendment to the Constitution has not altered this exemption from taxation. Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886. In accordance with this doctrine, Congress has enacted Revenue Act 1926, § 1211, 44 Stat. 130, 26 U.S.C.A. § 1065b, which provides: "Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded."

The petitioner does not claim to be an officer of the state, but does claim to be an employee of the state, and contends that his income so derived is tax exempt. The Commissioner maintains that the petitioner was not an employee, but was an independent contractor. The distinction is tersely made by the Supreme Court in Metcalf & Eddy v. Mitchell, 269 U.S. 514, 520, 46 S.Ct. 172, 173, 70 L.Ed. 384, where it is said: "Nor do the facts stated in the bill of exceptions establish that the plaintiffs were 'employees' within the meaning of the statute. So far as appears, they were in the position of independent contractors. The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor."

We apply this test to the instant case. As evidence that the petitioner was an employee are the facts that the resolution used the word "employ," that the petitioner took an oath of office, although the same was not required by the Legislature, that he could be discharged by the committee at any time, and that he was paid out of the state treasury under authority of the joint resolution. As evidence that he was an independent contractor are the facts that the committee exercised no supervision over his hours, that he continued to engage in his private practice, and that he exercised his own judgment and discretion in the conduct of the investigation authorized by the joint resolution. In Lucas, Commissioner of Internal Revenue, v. Reed, 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1125, the Supreme Court, upon authority of Metcalf & Eddy v. Mitchell, supra, reversed the decision of this court reported in Reed v. Commissioner of Internal Revenue, 34 F.(2d) 263. In that case the taxpayer was employed as special counsel to represent the commonwealth in certain inheritance tax cases. The state Legislature had appropriated funds for the services of attorneys to be employed to assist in such cases. The Commissioner refused to allow the taxpayer exemption for compensation received from the state on the ground that he was an independent contractor and not an employee of the state. The Supreme

Court upheld the Commissioner. Judged by the test developed in the discussion in Metcalf & Eddy v. Mitchell, supra, and by the ruling of the Supreme Court in Lucas, Commissioner of Internal Revenue, v. Reed, supra, we think the Board in the instant case had before it sufficient evidence to establish its conclusion that the petitioner was an independent contractor and not an employee. We think the decision of the Board of Tax Appeals is amply supported by the evidence and its conclusions sustained by the authorities.

It is accordingly affirmed.