### COMMISSIONER OF INTERNAL REVENUE v. COUGHLIN et al.

#### No. 6107.

Circuit Court of Appeals, Third Circuit.

Jan. 22, 1937.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and Ellis N. Slack, Sp. Assts. to the Atty. Gen., and Joseph M. Jones, of Washington, D. C., for petitioner.

Roscoe B. Smith, R. Lawrence Coughlin, and David T. Davis, Jr., all of Wilkes-Barre, Pa., for respondents.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The respondent, R. Lawrence Coughlin, is an attorney engaged in the general practice of the law. In his 1930 and 1931 income tax returns he reported income derived from the practice of his profession but claimed exemption on compensation received by him as attorney for the Central Poor District of Luzerne County and the School District for the Borough of Duryea, Luzerne county, Pa. The Commissioner assessed deficiencies, but the Board of Tax Appeals held that such compensation was tax exempt.

The respondent based his claim for exemption on the allegation that he was an employee of the poor district and school district, which were political subdivisions of a state. The Commissioner conceded that the two districts in question were political subdivisions of a state and were engaged in the exercise of essential governmental functions, but contended that the compensation in controversy was not exempt because it was earned by the respondent as an independent contractor and not as an officer or employee. Article 643 of Treasury Regulations 74 promulgated under the Revenue Act of 1928 (45 Stat. 791) provides:

"Compensation paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision, * * * is not tax-

able. Compensation received for services rendered to a State or political subdivision thereof is included in gross income unless (a) the person receives such compensation as an officer or employee of a State or political subdivision, and (b) the services are rendered in connection with the exercise of an essential governmental function. * * *

" * * * An employee is one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and whose services are continuous, not occasional or temporary. * * * "

According to those regulations an employee is (a) one whose duties consist in the rendition of prescribed services and not the accomplishment of specific objects, and (b) one whose services are continuous, not occasional or temporary. In addition, the decided cases stress the importance of supervision and control. Where there is no supervision or control, where the employment is occasional, where the duties are not prescribed, the courts have concluded that the taxpayer was not an officer or employee and that his compensation was not tax exempt. Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; Commissioner of Internal Revenue v. Modjeski (C.C.A.) 75 F.(2d) 468; Burges v. Commissioner of Internal Revenue (C.C.A.) 69 F.(2d) 609; Haight v. Commissioner of Internal Revenue (C.C.A.) 52 F.(2d) 779; Burnet v. McDonough (C.C.A.) 46 F.(2d) 944. In the instant case, however, the Board found upon substantial evidence submitted to it that the respondent was subject to the control of the boards of the two districts which he represented, that his duties were prescribed in accordance with the statutes, and that his employment was for a set period and carried with it compensation in the form of an annual salary. In Watson v. Commissioner of Internal Revenue (C.C.A.) 81 F.(2d) 626, our determination was restricted to the issue as to whether the Board had sufficient evidence upon which to base its conclusion that the taxpayer in that case was an independent contractor and not an employee of a political subdivision of the state. Since there were sufficient facts upon which the Board could properly conclude that the taxpayer was an independent contractor, we affirmed. The situation presented by the instant appeal is the exact converse. The Board in this case found, upon substantial evidence, the fact that the taxpayer was an employee of a political subdivision of the state. Both the poor district and the school district were engaged in the exercise of an essential governmental function. The respondent was solicitor for each under a contract of employment authorized by statute for a definite term. His duties were continuous and not for specific items of work. In each case he received an annual salary. His duties as solicitor for the poor district were prescribed by rules and regulations promulgated by authority conferred upon the directors of the poor district by the Pennsylvania Act of May 14, 1925, P.L. 762, § 219 (62 P.S.Pa. § 219). The respondent as solicitor was subject to the direction of the board of directors of both the poor district and the school district. Seventy-five per cent. of the respondent's time was taken up by his work for those districts. He could not be removed during the term for which he was appointed solicitor of the school district except for improper conduct. Pennsylvania Act of May 18, 1911, P.L. 309, § 406 (24 P.S. § 341). Those facts sustain the conclusion of the Board that the respondent was an employee and not an independent contractor.

The findings of the Board of Tax Appeals, when supported by substantial evidence, are conclusive. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343.

The decision of the Board of Tax Appeals is affirmed.