J. E. HUCKABAY AND SYBIL S. HUCKABAY, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91824.   Promulgated June 1, 1939.

*J. E. Huckabay*, for the petitioners.
*Wilford H. Payne, Esq.*, for the respondent.

#### OPINION.

SMITH: This is a proceeding for the redetermination of deficiencies
in income tax for 1934 and 1935 of $56.97 and $92.66, respectively.
The only question in issue is whether the petitioners are liable for
income tax upon the salary received by J. E. Huckabay during the
years 1934 and 1935 as attorney for the Louisiana Highway
Commission.

The petitioners are husband and wife, residing in the Parish of
East Baton Rouge, Louisiana, who filed joint income tax returns
for 1934 and 1935.

The material facts in this case have been stipulated as follows:

1. The only question presented for decision in this case is whether the
compensation received by J. Elton Huckabay, one of the petitioners herein,
for the taxable years 1934 and 1935, in the respective amounts of $2,800.00
and $4,200.00, as attorney for the Louisiana Highway Commission of the State
of Louisiana, is subject to the Federal Income Tax.

2. On May 1, 1934, J. Elton Huckabay, one of the petitioners herein, who
is sometimes referred to hereinafter for convenience as petitioner, was engaged
by the Louisiana Highway Commission as an attorney at a monthly salary of
$350.00. No oath of office was required of petitioner. There was no stipula-
tion as to the duration of petitioner's services other than that he was to con-
tinue from month to month. The engagement of the said J. Elton Huckabay
as an attorney was, as to duration, within the exclusive discretion of the
Louisiana Highway Commission. Petitioner is still engaged as attorney for
the said Louisiana Highway Commission at the same rate of salary and under
the same terms and conditions as existed during the taxable years of 1934
and 1935.

3. The said J. Elton Huckabay continued to serve as attorney, in connection
with the Louisiana Highway Commission, from May 1, 1934, throughout the
year 1935, for which he received as compensation the sum of $2,800.00 for the
year 1934 and $4,200.00 for the year 1935. The services rendered by petitioner
as attorney for said Commission consisted of attending to such indiscriminate
legal matters as arose from time to time. Such services consisted largely of
the defense of damage suits growing out of the construction and erection of
bridges and highways and the acquisition, by condemnation proceedings or

otherwise, of rights of way for the construction of State highways and bridges throughout the State of Louisiana. Petitioner devoted approximately 40% of his time to the work in connection with the Highway Commission during the year 1934, and approximately 30% of his time thereto during the year 1935.

4. The formation of policies in the handling of suits and other legal matters was not delegated to petitioner but was retained by the Louisiana Highway Commission. The said Commission did not exercise control over the details of the petitioner's performance of his services. Upon any difference of opinion the will, as to policy or procedure, of the Commission ultimately controlled. The amount of petitioner's monthly compensation was not directly regulated or determined by the amount of work actually done or the value of the particular services performed during the month.

5. The Louisiana Highway Commission maintains a Legal Department for which it has provided suitably equipped offices. Petitioner, J. Elton Huckabay, was not required to keep any specific office hours or to spend any specific time in the offices of the Legal Department. Petitioner's private office, which was maintained for the practice of law, was located within five (5) blocks of the general offices and the offices of the Legal Department of the Louisiana Highway Commission, and petitioner was readily accessible to the officers and employees of said Commission when in his private office. The office hours customarily adhered to by petitioner in his own private law office were equally as long as those required by the Louisiana Highway Commission.

6. Petitioner was not prohibited by the said Commission from the acceptance of private law practice, and petitioner in fact maintained his private law offices for the practice of his profession on his own account, throughout the taxable years 1934 and 1935. During the taxable year 1934 petitioner, J. Elton Huckabay, realized gross income from the private practice of law in the amount of $5,114.24 from which rent and other related expenses aggregating $558.70 were deducted, leaving a net income from private practice for that year of $4,555.54. This income does not include the compensation received by petitioner as attorney for the Louisiana Highway Commission.

7. During the taxable year 1935 the said J. Elton Huckabay realized gross income from his private practice of law amounting to $6,778.26 against which expenses of $1,158.00 were deducted, leaving a net income from that source of $5,620.26, which was in addition to petitioner's compensation received for that year as attorney for the Louisiana Highway Commission.

8. Petitioner, J. Elton Huckabay, is subject to call by the said Louisiana Highway Commission at any time and it was understood that the business of said Commission would be given preference and priority over private practice.

9. Petitioner's salary from the said Louisiana Highway Commission for the years 1934 and 1935 was paid from the General Highway Fund.

There can be no question but that the compensation received by J. E. Huckabay from the Louisiana Highway Commission is subject to income tax under the decisions of the Supreme Court in *Helvering* v. *Gerhardt*, 304 U. S. 405, and *Graves* v. *New York ex rel. O'Keefe*, 306 U. S. 466, unless the petitioners are relieved from income tax in respect of such compensation by the "Public Salary Tax Act of 1939", approved April 12, 1939.

The Public Salary Tax Act of 1939 provides for the abatement, credit, or refund of income tax upon "compensation for personal service as an officer or employee of a State, or any political sub-

division thereof, or any agency or instrumentality of any one or more of the foregoing" for all years prior to 1938, with certain exceptions not here material. (Title II, secs. 201 and 208.) In the report of the Senate Finance Committee on the Public Salary Tax Act is is stated:

Title II applies only to State and local officers and employees and not to other persons having dealings with State and local governments, since the taxability of the compensation of such other persons has long been recognized. Such persons are generally held to be independent contractors for purposes of Federal income taxation. Their liability for such tax has been clearly established since the case of *Metcalf & Eddy* v. *Mitchell* (1926) 269 U. S. 514, and they are not officers and employees within the meaning of this bill.

In this proceeding the respondent contends that the petitioner, J. E. Huckabay, was not an officer or employee of the State of Louisiana or any political subdivision thereof, or instrumentality thereof, but an independent contractor, and that accordingly his salary is not exempt from tax.

This contention of the respondent is sustained upon the authority of *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Eric E. Hall*, 33 B. T. A. 953; *Commissioner* v. *Modjeski*, 75 Fed. (2d) 468; certiorari denied, 295 U. S. 764; *Haight* v. *Commissioner*, 52 Fed. (2d) 779, affirming 14 B. T. A. 844; certiorari denied, 285 U. S. 537; *Blair* v. *Byers* (C. C. A., 8th Cir.), 35 Fed. (2d) 326, affirming 8 B. T. A. 1191; *Burnet* v. *McDonough*, 46 Fed. (2d) 944; *Register* v. *Commissioner* (C. C. A., 5th Cir.), 69 Fed. (2d) 607; and *Burges* v. *Commissioner* (C. C. A., 5th Cir.), 69 Fed. (2d) 609.

*Judgment will be entered for the respondent.*