BURKE v. McGOWAN, Collector of Internal Revenue.

Civ. No. 541.

District Court, W. D. New York.

May 20, 1941.

Burke & Burke, of Buffalo, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., and Robert M. Hitchcock, Asst. U. S. Atty., both of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This action is brought by the plaintiff under the Public Salary Tax Act of 1939 to recover $1,107.42. This sum is the aggregate amount of income tax paid by the plaintiff upon the compensation he received from the Superintendent of Insurance of the State of New York for services rendered as counsel to such Superintendent, in the person of his special deputy in charge of the affairs of the Title and Mortgage Guarantee Company of Buffalo. The plaintiff was employed under the provisions of section 532 (formerly numbered 414) of the New York Insurance Law, Consol.Laws, c. 28. This statute gives the Superintendent of Insurance authority to employ such counsel as he considered necessary. The amount of compensation paid to such counsel is to be fixed by the Superintendent, subject to the approval of the court. The statute does not provide that such counsel shall hold office for any definite period. The plaintiff's compensation varied from time to time depending upon the amount of work which was done.

The Superintendent of Insurance found it necessary to take over the Title and Mortgage Guarantee Company of Buffalo, in August, 1933. Mr. Walter DeLaPlante of Buffalo was appointed Assistant Special Deputy Superintendent and placed first in charge of the rehabilitation of this company and later in charge of liquidating the Company. Mr. Burke was appointed as Counsel to Mr. DeLaPlante at the same time.

The plaintiff testified that Mr. DeLaPlante would tell him what to do. They would then work out the matter together, Mr. DeLaPlante taking care of the administrative end of the matter while the plaintiff advised him upon any legal points arising. Both men consulted frequently with the superior officers in the New York Insurance Department. The plaintiff remained a partner in his legal firm. He testified that he always gave the preference to the work in connection with the Title and Mortgage Company. For the first six months he devoted nearly all his time to this company but thereafter spent less and less time there until his average was about a quarter of each working day.

In 1939 Congress passed the Public Salary Tax Act, 53 U.S.Stat. 575–577, 26 U.S.C.A. Int.Rev.Code, § 22, note. Section 203 of this act reads: "Any amount of income tax (including interest, additions to tax, and additional amounts) collected on, before, or after the date of the enactment of this Act for any taxable year beginning prior to January 1, 1939, to the extent attributable to compensation for personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing, shall be credited or refunded in the same manner as in the case of an income tax erroneously collected, if claim for refund with respect thereto is filed after January 18, 1939, and the Commissioner of Internal Revenue, under regulations prescribed by him with the approval of the Secretary of the Treasury, finds that disallowance of such claim would result in the application of the doctrines in the cases of Helvering against Therrell (303 U.S. 218, 58 S.Ct. 539, 82 L.Ed. 758 * * *), Helvering against Gerhardt (304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427 * * *), and Graves et al., against New York ex rel. O'Keefe [306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466], decided March 27, 1939, * * * extending the classes of officers and employees subject to Federal taxation."

This act has been construed as limiting the retroactive effect of the three cases mentioned in it. Congress intended that the immunity granted in the act should be no broader and no narrower than that formerly enjoyed by State employees. It "gave immunity for 'compensation for personal service * * * as an officer or employee of a State, or any political subdivision thereof', limited to years prior to 1938 and * * *. The purpose of Congress was to restrict the retroactive effect of the O'Keefe case. The question therefore is whether the plaintiff brought himself within the Public Salary Act of 1939 as 'an officer or employee' of the villages which he served as attorney." Coates v.

176

United States, 2 Cir., 111 F.2d 609, 610. "It seems incontrovertible that the words 'officer or employee' as used in the Public Salary Tax Act were intended to have a meaning no broader than that formerly given to the same words in exemptive provisions of income tax statutes. * * * To secure the advantage of such an expressed exemption, it was always necessary to establish that the taxpayer was employed in an essential governmental agency and that he was an officer or employee and not an independent contractor." Meigs v. United States, 1 Cir., 115 F.2d 13, 16; Saxe v. Shea, 2 Cir., 98 F.2d 83; Huckabay v. Commissioner of Int. Rev., 40 B.T.A. 9; and John T. Rowland v. Commissioner of Int. Rev., 40 B.T.A. 11. The wording of the statute itself requires that a person must be an employee or officer of a State or political subdivision thereof to come within its terms. The only question presented by this case is whether the plaintiff is an officer or employee of the State of New York and so within the Statute.

The leading case on the question of the tests to be applied in determining whether a person is a governmental employee or an independent contractor is Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 173, 70 L.Ed. 384. In that case two consulting engineers sought to recover that portion of their income tax which was attributable to work which they had done for various municipalities in connection with water supply and sewage systems. In arriving at their decision that this income was taxable the court stresses certain elements. They were: The plaintiffs were free to accept other concurrent employment; they took no oath of office; none of the work was of a permanent or continuous character. The court says: "An office is a public station conferred by the appointment of government. The term embraces the idea of tenure, duration, emolument and duties fixed by law." The court also points out that the municipalities hiring Metcalf and Eddy had no control over the details of the work.

The plaintiff in the case at bar seeks to distinguish his case from the Metcalf & Eddy case by showing that he was subject to the control of the officers of the Insurance department. This is not a sufficient distinction. In the case of Reed v. Lucas, Commissioner of Int. Rev., 3 Cir., 34 F.2d 263, the petitioner was designated as special counsel to represent the State of Pennsylvania in two inheritance tax proceedings, under a Statute giving the Attorney General of Pennsylvania authority to designate such counsel at a fixed compensation of $2,500. Reed frequently consulted with the Attorney General and was at all times subject to his orders. The Circuit Court felt that this close control made him an employee, but the Supreme Court in 281 U.S. 699, 50 S.Ct. 352, 74 L.Ed. 1125, reversed the Circuit Court. The decision was a memoranda decision reversing the lower court upon the authority of the Metcalf & Eddy case, supra, and the case of Lucas v. Howard, 280 U.S. 526, 50 S. Ct. 87, 74 L.Ed. 593, reversing Howard v. Commissioner of Internal Revenue, 5 Cir., 29 F.2d 895.

It seems to me that the plaintiff in this action is not an officer or employee of the State of New York within the meaning of the Public Salary Tax Act. The plaintiff was not to hold the office for any definite period of time but only during the period which was necessary to take care of the affairs of the Title and Mortgage Guarantee Company. He was free to continue his private practice and did continue it. He was subject to the control of the superior officers of the Insurance Department, but I do not believe from his testimony that he was subject to any greater control than that which is ordinarily exercised by a client. His position was authorized by statute, but the statute did not fix the tenure, emolument, or duties of his position. There seems to be no element in the present case which was not present in the Reed case.

There are several other cases which also lead me to the conclusion that the relationship existing between the plaintiff and the State of New York was that of attorney and client rather than that of employer and employee. They are: Lucas v. Howard, 280 U.S. 526, 50 S.Ct. 87, 74 L.Ed. 593, reversing Howard v. Commissioner, 5 Cir., 29 F.2d 895; Buckner v. Commissioner, 2 Cir., 77 F.2d 297; Commissioner v. Murphy, 2 Cir., 70 F.2d 790; Blair v. Byers, 8 Cir., 35 F.2d 326; and Childers v. Commissioner, 9 Cir., 80 F.2d 27.

Judgment may be entered dismissing the complaint with costs.

If desired, findings may be submitted, and, as adopted, may be considered to be and shall be a part of my decision.